UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| KENNETH L. SMITH, JR. | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 1:15CV72 SNLJ |
| RUSSELL D. OLIVER, et al., | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for leave to proceed in forma pauperis. The motion will be granted. Additionally, having reviewed the case, the Court will dismiss it under 28 U.S.C. § 1915(e).

## 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss a complaint filed in forma pauperis if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief. An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989); *Denton v. Hernandez*, 504 U.S. 25, 31 (1992). An action is malicious if it is undertaken for the purpose of harassing the named defendants and not for the purpose of vindicating a cognizable right. *Spencer v. Rhodes*, 656 F. Supp. 458, 461-63 (E.D.N.C. 1987), *aff'd* 826 F.2d 1059 (4th Cir. 1987). A complaint fails to state a claim if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## The Complaint

Plaintiff, acting pro se, brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. Named as defendants are Russell Oliver and Stoddard County.

Plaintiff asserts that the Stoddard County Prosecutor, Russell Oliver, is guilty of malicious prosecution, for pursuing him in a criminal action which ultimately ended up causing a probation violation in a criminal case he had pending in Perry County, Missouri. *See State v. Smith*, Case No. 14SD-CR419-01(Stoddard County, Missouri) transferred to Cape Girardeau County; *see also, State v. Smith*, 11PR-CR00078-01 (Perry County)[1].

Plaintiff asserts that he believes that prosecutor Oliver withheld evidence and let his family "say what [went on]. . .just to get even." Plaintiff seeks monetary damages and emotional distress damages.

**Discussion**

Plaintiff's complaint should be dismissed pursuant to 28 U.S.C. § 1915(e). Plaintiff's complaint raises a claim of selective or malicious probation revocation/prosecution. In this case, however, it is clear that a judgment in plaintiff's favor would bring into question the validity of the decision revoking plaintiff's probation. Unless and until plaintiff has the decision to revoke his probation overturned in an appropriate proceeding, the instant § 1983 action seeking damages for plaintiff's supposedly illegal confinement/conviction appears prohibited by *Heck v. Humphrey*, 512 U.S. 477 (1994).

A prisoner may not recover damages in a § 1983 suit where the judgment would necessarily imply the invalidity of his conviction, continued imprisonment, or sentence unless the conviction or sentence is reversed, expunged, or called into question by issuance of a writ of

---

[1] Plaintiff was charged with possession of a precursor drug with the intention of manufacturing methamphetamine or any of its analogs. *State v. Smith*, 11PR-CR00078-01 (Perry County). He pled guilty and received, on December 16, 2011, a suspended imposition of sentence ("SIS") and five years of supervised probation. After several probation violations, plaintiff's probation was revoked and he was sentenced to three years in the Missouri Department of Corrections, with a suspended execution of sentence ("SES"), as well as five years of supervised probation.

habeas corpus. *Heck v. Humphrey,* 512 U.S. 477, 486-87 (1994); *Schafer v. Moore*, 46 F.3d 43, 45 (8th Cir. 1995); *Edwards v. Balisok*, 520 U.S. 641, 648 (1997) (applying rule in § 1983 suit seeking declaratory relief). If plaintiff was granted relief on his malicious prosecution claim, the validity of his conviction would necessarily be called into question. Accordingly, these claims are *Heck* barred.

Regardless, plaintiff's general and conclusory allegations fail to state a claim again defendants the Stoddard County Prosecutor or the County for malicious prosecution. Plaintiff has not alleged any facts supporting his assertions that he was maliciously prosecuted and where "the prosecutor is acting as advocate for the state in a criminal prosecution, [] the prosecutor is entitled to absolute immunity." *Brodnicki v. City of Omaha*, 75 F.3d 1261, 1266 (8th Cir. 1996).

Similarly, plaintiff's claims against Stoddard County are legally frivolous because plaintiff has not alleged that a policy or custom of Stoddard County is responsible for the alleged constitutional violation. *Monell v. Dep't of Social Services,* 436 U.S. 658, 690-91 (1978). As a result, the complaint fails to state a claim upon which relief can be granted against Stoddard County.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B).

A separate Order of Dismissal will be filed forthwith.

Dated this 8th day of June, 2015.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE